UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD D.
*substituted party on behalf of*
MICHAEL D., *et al*.,

  Plaintiffs,

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINSTRATION,

  Defendant.

Case No. 3:20-cv-161

District Judge Michael J. Newman

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING;
(2) TERMINATING THIS CASE ON THE DOCKET**

---

  This is a Social Security disability benefits appeal brought by Plaintiff Michael D.'s ("Plaintiff") father on Plaintiff's behalf.[1] Doc. No. 9 at PageID 575. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore not eligible to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (Doc. No. 10), the Commissioner's memorandum in opposition (Doc. No. 13), the administrative record (Doc. No. 9),[2] and the record as a whole.

I.

  A.  **Procedural History**

  Plaintiff alleges a disability onset date of December 5, 2016, due to a number of alleged

---

[1] Due to Plaintiff's death from lung cancer in February 2017, Plaintiff's father, Richard D., brought this case as a substitute party and executor of Plaintiff's estate. Doc. No. 4 at PageID 7; Doc. No. 9 at PageID 204-05. The amended complaint also names as Plaintiffs Michael D.'s two surviving adult sons—Michael S. D. and Jordan D. (who are also executors of Plaintiff's estate). Doc. No. 4 at PageID 7. The name "Plaintiff" throughout this Decision and Entry refers to Michael D., whose application for benefits with the Social Security Administration is at issue in this case.
[2] Hereafter, citations to the electronically filed administrative record will refer only to PageID numbers.

impairments including, *inter alia*, severe PTSD, depression, and an anxiety disorder. PageID 239-40, 413. (Although Plaintiff later died from lung cancer, *see supra* n.1, he did not claim to be disabled by a lung impairment or by cancer.[3] *Id*.) After an initial administrative denial of his application, ALJ Laura S. Twilley on issued a written decision on April 19, 2019, finding Plaintiff not disabled and ineligible to receive DIB. PageID 209-221. Specifically, the ALJ found at Step Five of the sequential benefits evaluation, *see infra*, §II(B), that based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of work at all exertional levels[4] "there [were] jobs that exist[ed] in significant numbers in the national economy [at that time] that [Plaintiff could] perform[.]" PageID 219.

The Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 27-29; *see Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 209–21), Plaintiff's Statement of Errors (Doc. No. 10), and the Commissioner's memorandum in opposition

---

[3] It appears Plaintiff first learned he might have lung cancer in early September 2019, well after the ALJ issued her non-disability decision (on April 19, 2019). *See* PageID 147, 209-21.

[4] The ALJ thus found, in effect, Plaintiff was able to perform sedentary, light, medium, heavy, and very heavy work, as defined by the regulations. 20 C.F.R. § 404.1567. Light work, for example, "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

(Doc. No. 13). The undersigned incorporates by reference the summaries in the foregoing and sets forth herein the facts relevant to this case.

## II.

### A. Standard of Review

This Court's inquiry on a Social Security appeal is to determine (1) whether substantial evidence supports the ALJ's non-disability finding, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). When engaged in this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for DIB, a claimant must be under a "disability" as defined by the Social

Security Act. 42 U.S.C. § 423(a). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past work, and (2) engaging in any other "substantial gainful activity" that is available in the regional or national economies. *Id*. § 423(d)(2).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work—and also considering the claimant's age, education, past work experience, and RFC—do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues the ALJ erred when calculating his RFC at Step Four and making his significant number of jobs finding at Step Five. Doc. No. 10 at PageID 847-

50.  To those ends, Plaintiff emphasizes that although the ALJ recognized examining psychiatrist Charles Walters, M.D.'s finding—that PTSD and a major depressive disorder caused Plaintiff to have "reduced reliability" in his occupational and social functioning—the ALJ erred by not incorporating a corresponding limitation in Plaintiff's RFC.  *Id*. at 847-48 (citing PageID 217, 647-52).  This, Plaintiff contends, resulted in errors at Steps Four and Five.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed the consistency of Plaintiff's statements regarding his alleged disability with the record as a whole; posed appropriate hypothetical questions to the vocational expert ("V.E."); accurately determined Plaintiff's RFC; and appropriately concluded, at Step Five (and in reliance on the VE's sworn testimony), that Plaintiff could then perform a significant number of jobs in the national economy.

## IV.

Accordingly, the Court **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

March 30, 2022                                          /s Michael J. Newman
                                                        Hon. Michael J. Newman
                                                        United States District Judge